APPEAL OF GEO. H. SALMON.

Docket No. 5733.    Submitted January 11, 1926.    Decided February 17, 1926.

Salary of nonresident alien *held* to be taxable only on such portion as was paid to him for services while he was in the United States.

*Geo. E. Kennedy, Esq.*, for the taxpayer.
*B. G. Simpich, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

Taxpayer appeals from the determination of a deficiency of $236 in income tax for 1922.

FINDINGS OF FACT.

Prior to February, 1916, the taxpayer, a citizen of Great Britain, was a resident of the Dominion of Canada. In February, 1916, taxpayer took up his residence in New York City and resided there with his wife and daughter until May, 1922.

In May, 1922, taxpayer was in the employ of the F. & E. Soter Corporation, which was engaged in manufacturing tobacco, and was vice president and one of the directors of that company. About that time this corporation proposed to acquire an interest in a factory manufacturing cigarettes in India. The taxpayer left the United States in May, 1922, for India for the purpose of examining this property. At that time he expected to return to the United States in about three or four months, after which he was to become connected with the New York City office of the taxpayer.

Upon his arrival in India the taxpayer found that the machinery in the factory was obsolete and not suitable for the manufacture of cigarettes. Negotiations for the purchase of the plant were delayed for several months, following which taxpayer remained in India for the purpose of installing new machinery in the plant, which machinery was purchased and shipped from the United States. Taxpayer did not return to the United States until May, 1924, after which date he took up his residence in Brooklyn, N. Y.

Shortly after taxpayer arrived in India his family followed him there. The furniture of his New York apartment was placed in storage in a warehouse in New York City. While taxpayer was in India he and his family lived at a hotel. Taxpayer filed Federal income-tax returns for 1922 and 1923 with the collector of internal revenue in New York. Taxpayer made no return of income to the State of New York for 1922.

The salary of the taxpayer during the year 1922 was $5,000, paid to him in equal monthly installments.

The taxpayer filed an income-tax return for 1922, including therein his salary for the full year, and claimed exemption of $2,900 as a resident alien, married, with one dependent, his daughter, who was then 16 years of age. The return filed showed a tax liability of $84. As the basis for the deficiency the Commissioner determined that the taxpayer, on December 31, 1922, was a nonresident alien, entitled to an exemption of only $1,000, but included in gross income the salary for the full year. The deficiency determined by the Commissioner is in excess of the tax of $84 shown upon the original return.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

PHILLIPS: Whether the taxpayer was a resident or nonresident alien of the United States after May, 1922, is practically a moot question. The return filed by the taxpayer showed gross income of $5,000, against which a personal credit of $2,900 was claimed, leaving taxable income of $2,100, upon which a tax of $84 has previously been assessed. The deficiency determined by the Commissioner is the amount of tax, as he computes it, in excess of the $84 previously assessed. If the taxpayer was a resident throughout the year 1922, as he claims, the deficiency must be disallowed. On the other hand, if the taxpayer became a nonresident in 1922, the Commissioner was in error in including the entire compensation for the year as taxable income to the taxpayer. As a nonresident alien the taxpayer would be taxable only upon such portion of the $5,000 as was paid him for services rendered within the United States, or $2,083.33, being five months' salary. Deducting from this the exemption of $1,000 allowed a nonresident alien leaves taxable income of $1,083.33, upon which the tax at 8 per cent would be $82.67, or $1.33 less than the amount assessed upon the original return.